IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 17-CR-03246-MV

    v.

CHANTE BICKHAM,
KERON LUCIOUS,
CAMARA CHERRY-AMOS,
JOHN DOMPIERRE, and
ANDREW WYATT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Chante Bickham's Joint Motion to Compel the Government to Produce Rule 16 and *Brady-Giglio* Materials [Doc. 190], joined by Defendants Andrew Wyatt, Camara Cherry-Amos, John Dompierre, and Keron Lucious [Doc. 191]. The Government filed a Sealed Response in Opposition [Doc. 208] and the defendants filed a joint reply [Doc. 216]. The defendants then filed a Supplemental Joint Motion requesting the production of additional materials. Doc. 219. Defendants Chante Bickham, Keron Lucious, and Camara Cherry-Amos have since pled guilty. Docs. 239, 254, and 274.

On November 13, 2019, the Court held a hearing on the motions with counsel for the remaining defendants. At the hearing, defense counsel represented that the requests for discovery in the initial motion had all been resolved, either through production by the government, withdrawal by the defense, or because the issue was now moot. Transcript of November 13, 2019 Hearing at 3:13–16, 5:18–21, 6:13–10:14.[1] Given that representation, the defendants' Joint

---

[1] References to the transcript are to the draft copy.

Motion to Compel the Government to Produce Rule 16 and *Brady-Giglio* Materials [Doc. 190] will be **DENIED AS MOOT**.

The defense then advised the Court that the discovery request contained in the Supplemental Joint Motion [Doc. 219] remains outstanding. Tr. 5:3–17. In that Motion, the defendants request "reports, recordings, interviews, 302s and other documents" relating to a sex-trafficking investigation into R.B. by the Bernalillo County Sheriff's Department that defense counsel learned about through the New Mexico Attorney General's Office. Doc. 219 at 1. At the hearing, the defense argued that requested materials are discoverable because they could demonstrate that R.B. was promoting herself in a way that would be inconsistent with the charge that the defendants coerced her into prostitution. Tr. 12:15–13:3. The defense further argued that the materials could show that R.B. had a practice of misrepresenting her age, which would go to whether the defendants were aware of her status as a minor. Tr. 13:7–19. The defense acknowledged, however, that it is not aware of the timeframe of the conduct at issue in the investigation or whether that timeframe overlaps with the offenses charged in this case. Tr. 14:14–18.

In response, the government argued that the requested information is irrelevant to the case at hand and the issue of whether the defendants committed the charged sex-trafficking offenses in 2017 and 2018. Tr. 15:17–24. It further represented that it only learned about the purported investigation through the defense and has not received confirmation about its existence from any law enforcement agencies or other sources. Tr. 16:16–17:17.

The Court finds that the defendants' arguments as to the potential materiality of the requested materials from the newly disclosed sex-trafficking investigation are too speculative to mandate disclosure under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*,

373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972) at this point. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) ("neither a general description of the information sought nor conclusory allegations of materiality suffice [under Rule 16]; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1231 (D.N.M. 2008) ("a defendant's mere allegation that the requested information might be material [under *Brady*] does not entitle him to an unsupervised search of the government's files.") (citation omitted). Because the nature and details of the reported sex-trafficking investigation into R.B. are largely unknown, the defense has not established its relevance to the events charged in the instant case, either temporally or factually. The defense's assertion that the requested reports may reveal evidence of R.B. misrepresenting her age [Tr. 13:7–19] is also too speculative to make out a showing of materiality. *See Lujan*, 530 F. Supp. 2d at 1231.

The Court nevertheless recognizes that because defendants are often unable to know with certainty what information the government has, the government must construe requests for discovery liberally and "resolve all doubts in favor of disclosure." *United States v. Jackson*, 850 F. Supp. 1481, 1502 (D.Kan. 1994) (citing *United States v. Jensen*, 608 F.2d 1349, 1357 (10th Cir. 1979) and *United States v. Diggs*, 801 F. Supp. 441, 447 (D.Kan. 1992)). The Court also agrees with the defense that the government cannot evade its constitutional obligations under *Brady* and *Giglio* by turning a blind eye to potentially exculpatory information about which it has been put on notice. *See* Doc. 216 at 3 (citing *United States v. Padilla*, No. CR 09-3598 JB, 2011 WL 1103876, at *7 (D.N.M. Mar. 14, 2011) ("a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or compartmentalizing information about different aspects of a case" and "must disclose information of which it has knowledge and access") (citations omitted)).

The Court accordingly orders the government to confer with the law enforcement agencies named by the defense, including the New Mexico Attorney General's Office and the Bernalillo County Sheriff's Department, to review the reported sex-trafficking investigation into R.B. To the extent that investigation exists and contains information that may prove helpful to the defense or relevant to the impeachment of R.B., the government is ordered to turn such information over under *Brady* and *Giglio*. 373 U.S. 83; 405 U.S. 150. The Court additionally orders the government to conduct the same review with regard to the homicide case in which R.B. has been charged: *State of N.M. vs. "R.B.*," D-202-CR-2018-3355. *See* Doc. 190 at 4–5. The government acknowledged the Court's rulings on these matters and its discovery obligations going forward at the end of the November 13, 2019 hearing on the Motions. *See* Tr. 22:2–15 (government stating "[i]t's my understanding that I am to confer with law enforcement to determine whether or not there is any *Giglio* [information] in either the murder or alleged sex trafficking investigation involving the victim" and the Court clarifying that the government's obligation includes *Brady* materials as well).

## CONCLUSION

For the reasons stated above, the defendants' Joint Motion to Compel the Government to Produce Rule 16 and *Brady-Giglio* Materials, [Doc. 190], is hereby **DENIED AS MOOT**. The defendants' Supplemental Joint Motion to Compel the Government to Produce Rule 16 and *Brady-Giglio* Materials [Doc. 219] is **DENIED IN PART AND GRANTED IN PART**, as explained above. The government is **HEREBY ORDERED** to confer with the relevant law enforcement agencies and review both the potential sex-trafficking investigation into R.B. and the homicide case in which she is charged for materials the defense is entitled to under *Brady v. Maryland* and *Giglio v. United States*.

ENTERED this 2nd day of December, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Michael V. Davis
*Attorney for Mr. Wyatt*

Barrett G. Porter
*Attorney for Mr. Dompierre*

George C. Kraehe, Letitia C. Simms
*Assistant United States Attorneys*